UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> FENG'S KITCHEN, INC., a Wisconsin corporation; UMIT, INC., a Wisconsin corporation; and REN FENG, an individual, <br><br> Defendants. | Civil action no.: 18-cv-0713 <br><br> Legal and equitable relief sought |

## COMPLAINT[1]

Plaintiff, **ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants **FENG'S KITCHEN, INC.**, a Wisconsin corporation, and **REN FENG**, an individual from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq.*), (hereinafter "the Act"), pursuant to section 17 of the Act; to enjoin Defendant **UMIT, INC.** from violating the provisions of sections 11 and 15 of the Act; and to recover unpaid minimum wage and overtime compensation owing to the employees of **FENG'S KITCHEN, INC.** and **REN FENG**, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

---

[1] A copy of this Complaint, as well as the Waivers, were served on Defendants in both English and Chinese.

# II

A. Defendant **FENG'S KITCHEN, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business in Waukesha County at 1840C Meadow Lane, Waukesha, Wisconsin 53188, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant.

B. Defendant **REN FENG**, an individual, is the owner of Defendant **FENG'S KITCHEN, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to Defendants' employees at **FENG'S KITCHEN, INC.**, including, but not limited to, hiring and firing employees, directing work, and setting pay practices. At all times hereinafter mentioned, Defendant **REN FENG** was engaged in business within Waukesha County at 1840C Meadow Lane, Waukesha, Wisconsin 53188 within the jurisdiction of this court. **REN FENG** acted directly or indirectly in the interest of **FENG'S KITCHEN, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

C. Defendant **UMIT, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business in Waukesha County at 1320 Pabst Farms Circle, Oconomowoc, Wisconsin 53066, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant.

D. Defendant **REN FENG**, an individual, is the owner of Defendant **UMIT, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendants in relation to Defendants' employees at **UMIT, INC.** including, but not limited to hiring and firing employees, directing work, and setting pay practices. At all times hereinafter mentioned, Defendant **REN FENG** was engaged in business

within Waukesha County at 1320 Pabst Farms Circle, Oconomowoc, Wisconsin 53066, within the jurisdiction of this court. **REN FENG** acted directly or indirectly in the interest of **UMIT, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

The corporate Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and constitute a single enterprise within the meaning of section 3(r) of the Act. The corporate Defendants operate under the same name and in the same manner, and Defendant Ren Feng has common control over both restaurants and ultimate authority over hiring, firing, and setting pay practices.

### IV

The corporate Defendants are and, at all times hereinafter mentioned, were a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

### V

**FENG'S KITCHEN, INC.** and **REN FENG** repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying some employees a wage at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production

3

of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, in certain workweeks, cooks' salaries for all hours worked fell below the minimum wage rate. In addition, in certain workweeks, delivery drivers' salaries fell below the minimum wage rate because they drove their personal vehicles for deliveries and were not reimbursed for vehicle-related expenses.

## VI

**FENG'S KITCHEN, INC.** and **REN FENG** repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, cooks were paid a salary for all hours worked and were not paid the half-time premium for hours worked over 40 in a workweek. In addition, other employees were paid hourly rates and did not receive the half-time premium for hours worked over 40 in a workweek.

## VII

All named Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Specifically, all

three Defendants failed to: post the FLSA Minimum Wage Poster Form (WH-1088); maintain time records; and keep records with the following information: daily and weekly hours' worked, straight time pay, premium pay, and regular rates. In addition, Defendant **UMIT, INC.** and **REN FENG** failed to record the birthdates of two employees who were minors and failed to maintain any list of employees at **UMIT, INC.**

## VIII

During the period since June 1, 2015, Defendants repeatedly have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining all three Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding Defendants **FENG'S KITCHEN INC.** and **RENG FENG** liable for unpaid minimum wage and overtime compensation due their employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages

and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

    (2) pursuant to section 17, enjoining and restraining Defendants **FENG'S KITCHEN INC.** and **REN FENG**, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

  (c) For an Order awarding plaintiff the costs of this action; and

  (d) For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Catherine Seidelman*
**CATHERINE SEIDELMAN**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312-353-4995
Facsimile: 312-353-5698
Email: seidelman.catherine@dol.gov

Attorneys for **R. ALEXANDER ACOSTA**,
Secretary of Labor, United States
Department of Labor, Plaintiff

## Exhibit A

1. Jerald Benn
2. Li Chen
3. Ruyi Chi
4. Jose Jesus Rodriguez Gaytan
5. Zi Huang
6. Qian Yu Jiang
7. Shuoyi Jiang
8. Roberto Anacleto Juan
9. David Kinsley
10. Ye Li
11. Zu Mei Li
12. Myagmar Munkhbayar
13. David Nourse
14. Khamphack Ongwong
15. Thinagorn Ongwong
16. Fermin Rivera
17. Lucas Simpson
18. Anthony Townsend
19. Yin Wang
20. Bill Wu
21. Yin Zhang
22. Libin Zheng

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **COMPLAINT** has been served on the below-named individual this 7th of May, 2018, by sending said copy by certified mail, return receipt requested to:

>Feng's Kitchen, Inc.
>1840C Meadow Lane
>Waukesha, WI 53188
>
>Umit, Inc.
>1320 Pabst Farms Circle
>Oconomowoc, WI 53066
>
>Ren Feng
>1923 Tallgrass Circle
>Waukesha, WI 53188

/s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney