UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

R. ALEXANDER ACOSTA,
United States Secretary of Labor,

        Plaintiff,

  v.                                              Case No. 18-cv-713-pp

FENG'S KITCHEN, INC.,
UMIT, INC., and REN FENG,

        Defendants.

---

## ORDER SCHEDULING HEARING

---

On May 7, 2018, plaintiff Alexander Acosta, the U.S. Secretary of Labor, filed this lawsuit. Dkt. No. 1. He sued three defendants: Feng's Kitchen, Inc. (a Wisconsin business corporation, registered with the Department of Financial Institutions[1]); Umit, Inc. (at that time, a Wisconsin business corporation, but dissolved as of August 16, 2018[2]); and Ren Feng (an individual, and the registered agent of both corporate defendants[3]). There are waivers of service on the court's docket for all three defendants; individual defendant Ren Feng signed all three of those waivers. Dkt. Nos. 3, 4, 5. The defendants had to respond to the lawsuit on or before Friday, July 6, 2018. The court did not receive responses from any of the defendants by July 6, 2018.

---

[1] According to the Wisconsin Department of Financial Institutions web site, https://www.wdfi.org, last visited September 6, 2018.
[2] Id.
[3] Id.

1

On July 27, 2018—about three weeks after the deadline for responding—the plaintiff asked the clerk's office to enter "default;" in other words, he asked the clerk's office to note that the defendants had not responded to the lawsuit. Dkt. No. 8. The clerk entered default (as the clerk is required to do) on July 30, 2018.

On August 2, 2018, the court received a letter from defendant Ren Feng. Dkt. No. 9. The letter explained that the defendant's cousin, Jessica, had helped him write the letter, because he did not know English well. It appears to the court that defendant Feng meant his letter to be a response to the lawsuit; he said that he wanted to explain why he was "submit[ting] this reply to the complains late . . . ." Id. Defendant Feng stated that his cousin had been in China when counsel for the plaintiff "sent her emails," and that services such as Yahoo, Google, Gmail and YouTube are "blocked" in China. According to defendant Feng, this meant that his cousin could not read the emails; defendant Feng apologized for the late reply. Id.

Defendant Feng stated that he had been waiting for "the letter from court about hearing schedule;" he stated that he had not expected a "default document." He stated that he "thought there must be at least a hearing" before the court's "decision." Id. He asked the court to schedule a hearing, so that he could "discuss" the lawsuit, "between [him] and each and every one of [his] former or current employees on the list, one by one, face to face." Id. He also asserted that he paid his employees a fair wage, and said that he was

submitting records of the employees' working hours for the court's review. Id. Defendant Feng attached to the letter 147 pages of time sheets. Dkt. No. 9-1.

Five days later, the court received from the plaintiff a motion for default judgment, dkt. no. 10, and a brief in support of that motion, dkt. no. 11. Three days after that, the court received another letter from defendant Feng. Dkt. No. 12. In this second letter, defendant Feng repeated his explanation for why he was late in responding to the lawsuit. He added one detail, however; he asserted, in capital letters and bold type, that he could not afford a lawyer to represent him. Id. at 1. He also attached a letter, dated August 8, 2017, from him to an investigator with the U.S. Department of Labor. Id. at 2. In this letter, he told the investigator that he had reviewed his records and that he owed money to only one of his employees, and that was the result of a calculation error. Id. He explained how he paid his employees, and said he wanted to talk to each of the complaining employees face to face. Id.

The court will schedule a hearing, but it wants to advise the defendant of some issues ahead of time. First, the Secretary of Labor has sued *three* defendants. He has not sued defendant Feng only; he also has sued two corporations, Feng's Kitchen, Inc. and Umit, Inc. Dkt. No. 1. Individuals like defendant Feng may represent themselves in federal court, if they choose to do so. But the law prohibits a *corporation* from representing itself. In re IFC Credit Corp., 663 F.3d 315, 318 (7th Cir. 2011) (collecting cases). Defendant Feng cannot represent Feng's Kitchen, Inc. or Umit, Inc., because they are corporations, and "a corporation can only appear by attorney . . . ." Strong

3

Delivery Ministry Ass'n v. Bd. of Appeals of Cook C'nty, 543 F.2d 32, 33 (7th Cir. 1976) (quoting Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 326, 365-66 (1824)). Even though defendant Feng may be the owner of Feng's Kitchen, Inc. and Umit, Inc., and even though he is their registered agent, the law *prohibits* him from representing these corporations in federal court. Defendant Feng may represent himself, not the other two defendants.

Second, the court understands that defendant Feng says that he cannot afford a lawyer to help him. Lawyers are expensive. Unfortunately, federal courts do not have money to hire lawyers for people in civil cases, like they do for people in criminal cases. This court does not have money to pay a lawyer to represent defendant Feng, and the federal court does not have a "public defender" organization for civil defendants. There *are* organizations in the Milwaukee metropolitan area that provide help to people who need a lawyer. A person may call the Milwaukee Bar Association's Lawyer Referral and Information Service at (414) 274-6768 and ask for a volunteer attorney. There is no guarantee that there will be a qualified lawyer available to everyone who calls, but it is a place to start. The Milwaukee Bar Association also has a "modest means panel" of lawyers, who will represent people in some kinds of cases for a reduced fee. (The same telephone number works for the modest means panel.) The Legal Aid Society of Milwaukee represents low-income individuals in some kinds of cases; their telephone number is (414) 727-5300 (the person to speak with is Karen Dardy). Legal Action of Wisconsin has a list of volunteer lawyers who take certain kinds of cases; their number is (414)

4

278-7722. Defendant Feng may contact any of these organizations to try to find a lawyer for himself and for the corporations.

Third, while defendant Feng says that he cannot afford to hire a lawyer, he should be aware that defending a lawsuit in federal court is not as easy as coming in and talking with the judge about the case. There are procedures that everyone—including people who are representing themselves—must follow. Defendant Feng already has discovered one of those procedures. When a plaintiff files a lawsuit, a defendant must respond to that lawsuit in writing. Federal Rule of Civil Procedure 12. The defendant may file an "answer," admitting or denying the accusations in the complaint, or may file a motion of some sort. But the defendant must respond in writing; if the defendant does not respond in writing, as defendant Feng has seen, the plaintiff may ask for a default judgment (like the Secretary of Labor has done here). Fed. R. Civ. P. 55. Under normal circumstances, it is *after* the defendant has responded to the lawsuit that the court schedules a hearing to discuss the next step in the process: "discovery"—the way parties to exchange information with each other about the allegations in the lawsuit. After the parties have exchanged information with each other, they may file certain kinds of motions. Depending on how the court decides the motions, the lawsuit may end there, or the case may proceed to trial.

The court follows these procedures in every case. It follows these procedures with people who have lawyers, and it follows these procedures with people who do not have lawyers. The fact that someone does not have a lawyer

5

does not excuse that person from following the rules. The rules are available to everyone. There are national rules, called the Federal Rules of Civil Procedure. Anyone can look at them on the Internet, by going to www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. This Milwaukee court also has rules, called "local rules." Anyone can look at them, by going to this court's web site at www.wied.uscourts.gov. There is a link in the middle of the home page that says "Local Rules and General Orders;" if one clicks on that link, one will see the "Local Rules and Orders" page. The first link there is a link to the local rules. There is also a link at the top of the home page called "Representing Yourself," which has information helpful to people who are representing themselves. That information, however, is useful only for *individuals* who are representing themselves; a non-lawyer cannot represent a corporation, as the court has explained.

Defendant Feng gave the court 147 pages of time sheets, and suggested that the court should look at them to save time. The court will not review those time sheets. Again, there are procedures that the court must follow in all lawsuits. The court does not decide a case based on information provided by only one party to the lawsuit. That would not be fair. Once the parties have exchanged information with each other, *both* parties may present that information to the court through motions for summary judgment. Until then, it is not appropriate for the court to make a decision based only on defendant Feng's information.

Fourth, defendant Feng indicates that he does not speak English very well. The court understands that this must make it difficult for him to participate in a lawsuit. The court wishes that it had money to provide an interpreter for anyone who needs one. But it does not. The court has interpreters, and if it knew what language defendant Feng speaks (Standard Mandarin, Cantonese, Wu, Min, Yue, some other language), it could order the clerk of court to find an interpreter in that language. 28 U.S.C. ¶1827(g)(4). But the court does not have money to pay interpreters. The person using the interpreter must pay the cost—approximately $230 for a half day and $420 for a full day. The hearing that defendant Feng has requested likely will take an hour or less, but defendant Feng would have to pay the interpreter for a half-day to cover travel and preparation. Defendant Feng mentioned that his cousin Jessica has helped him with his letters. He is free to bring his cousin to court to translate for him, and if he does, the court will do its best to avoid using legal words that may be difficult for her to translate.

The court will not make any decision about the plaintiff's motion for default judgment until after the hearing. The court will schedule the hearing far enough into the future to give defendant Feng time to review the rules, and to contact organizations about trying to find a lawyer to represent him, and to represent the two corporate defendants. If defendant Feng does not find a lawyer to represent the corporate defendants, however, the court will *not* allow him to speak for them at the hearing. The corporate defendants *must be* represented by a lawyer, under the law.

The court **ORDERS** that the parties shall appear for a status hearing on **Thursday, October 25, 2018 at 2:00 p.m.** in the U.S. Courthouse, 517 East Wisconsin Avenue, Room 222, Milwaukee, Wisconsin 53202.

Dated in Milwaukee, Wisconsin this 6th day of September, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**